# POLLARD'S SUPPLEMENT

TO THE

# CODE OF VIRGINIA

CONTAINING ALL STATUTES OF A GENERAL
AND PERMANENT NATURE PASSED
BY THE GENERAL ASSEMBLY

AT ITS

## Sessions of 1906, 1908 and 1910

ALSO

## ANNOTATIONS

TO THE

## Code of Virginia, 1904, and the Constitution and Tax Bill

EDITED BY

JNO. GARLAND POLLARD
OF THE RICHMOND BAR

RICHMOND, VA.:
EVERETT WADDEY CO.
1910

EXHIBIT 14

Case 3:19-cv-00692-REP   Document 19-14   Filed 10/16/19   Page 2 of 3 PageID# 187

interest in the property upon the route of any railroad operated by it, and may procure insurance thereupon in its own behalf for protection against any damage to said property by fire or otherwise, for which such company shall or might be liable.  (1908, p. 679.  In force June 26, 1908.)

## Chap. 398 of Acts 1908—An Act to establish a permanent place in the State penitentiary at Richmond, Va., for the execution of felons upon whom the death penalty is to be imposed, to change the mode of execution so that the death sentence shall be by electricity, and to provide an appropriation therefor.

### Approved March 16, 1908.

### (As Amended.)

1. Be it enacted by the general assembly of Virginia, That the superintendent of the State penitentiary, at Richmond, is hereby authorized and directed to provide a permanent death chamber within the confines of said penitentiary, and which said death chamber shall have all the necessary appliances for the proper execution of felons by electrocution.  In said death chamber shall be executed all felons upon whom the death penalty has been imposed.

2. Each execution shall be conducted by the said superintendent or some assistant or assistants designated by him.

3. The clerk of the court in which is pronounced the sentence of death against any convict shall, as soon as may be, after such sentence. deliver a certified copy thereof to the superintendent of the penitentiary at Richmond.  Not more than thirty nor less than fifteen days before the time fixed, in the judgment of the court, for the execution of said sentence, the superintendent of the penitentiary shall cause to be conveyed to the said penitentiary such condemned felon in the manner now prescribed by law for the conveyance of felons sentenced to confinement in the penitentiary, and the superintendent, in his discretion, may appoint more than one guard to convey the condemned felon, and the expenses of such guard or guards shall be paid in the manner and under the requirements now prescribed by law for the conveyance of convicts to the penitentiary.

4. The said superintendent, or the assistants appointed by him, shall proceed, unless a suspension of execution be ordered, at the time named in said sentence, to cause the said felon under sentence of death to be electrocuted until he is dead.

At the execution there shall be present the superintendent, or an assistant, the surgeon of the penitentiary, or his assistant, and a number of respectable citizens numbering not less than six nor more than twelve.  The counsel for the convict and minister of the gospel may be present.  (1910, p. 571.  In force June 15, 1910.)

5. The superintendent shall certify the fact of the execution of the condemned felon to the clerk of the court by which such sentence was pronounced, who shall file such certificate with the papers of the case and enter the same upon the records of the case.

6. Should the condemned felon, while in the custody of the super-

(857)

intendent of the penitentiary, be granted a reprieve by the governor, or obtain a writ of error from the Supreme court of appeals, or should the execution of the sentence be stayed by any competent judicial proceeding, notice of such reprieve or such writ of error or stay of execution shall be served upon the superintendent of the penitentiary, as well as upon the condemned felon, and the said superintendent shall yield obedience to the same. In any subsequent proceeding the mandate of the court having regard to the condemned felon, shall be served upon the superintendent of the penitentiary as well as the said felon. Should the said felon be resentenced by the court, then the proceedings shall be as hereinabove provided under the original sentence.

7. Should a new trial be granted such condemned felon after he has been conveyed to the penitentiary, then he shall be conveyed back to the place of trial by such guard or guards as the superintendent may direct, their expenses to be paid as is now provided by law for the conveyance of convicts to the penitentiary.

8. Nothing in this act shall be so construed as to change or alter the manner of execution of the sentence of death when imposed on account of crimes committed before this act goes into effect.

9. The sum of one thousand dollars, or so much thereof as may be necessary, is hereby appropriated out of the funds in the State treasury, not already appropriated, for the purpose of carrying out the provisions of section one of this act.

10. No newspaper or person shall print or publish the details of the execution of criminals under this act. Only the fact that the criminal was executed shall be printed or published.

11. Upon application of the relatives of the person executed, the body after execution shall be returned to their address and at their cost.

12. All acts or parts of acts inconsistent with this act are hereby repealed. (1908, p. 684. In force June 26, 1908.)

### Chap. 399 of Acts 1908—An Act fixing the penalty for writing or composing and sending or procuring the sending of letters or inscribed communications threatening to kill or do bodily harm.

#### Approved March 16, 1908.

1. Be it enacted by the general assembly of Virginia, That if any person write or compose and also send or procure the sending of any letter or inscribed communication, so written or composed, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, the person so writing or composing and so sending or procuring the sending of such letter or communication shall be confined in the penitentiary for a period not exceeding five years, or, in the discretion of the jury, shall be confined in jail not less than thirty days, or be fined not less than fifty dollars. (1908, p. 686. In force June 26, 1908.)

(858)