# VIRGINIA CODE OF 1936

## ANNOTATED

## VOLUME TWO

Sections 4357a - 6571i

## INDEX

The Michie Company

EXHIBIT 17

judgment. State v. Haddox, 50 W. Va. 222, 224, 40 S. E. 387.

§ 4941. **Death chamber; who to execute death sentence.**—The Superintendent of the State Penitentiary, at Richmond, is hereby authorized and directed to provide and maintain a permanent death chamber within the confines of said penitentiary, and which said death chamber shall have all the necessary appliances for the proper execution of felons by electrocution. In said death chamber shall be executed all felons upon whom the death penalty has been imposed, for offenses committed on or after June twenty-sixth, nineteen hundred and eight. Each execution shall be conducted by the said superintendent or some assistant or assistants designated by him. (1908, p. 684.) ☒

For case holding death by electrocution not a cruel and unusual form of punishment, see notes of Hart v. Com., 131 Va. 726, 109 S. E. 582, under Va. Const. § 9.

As to effect, under the former statute; of failure of the judgment to appoint executioner of death sentence, See Russell v. Com., 78 Va. 400, 405.

§ 4942. **Transfer of convict to penitentiary; how death sentence executed; who to be present.**—The clerk of the court in which is pronounced the sentence of death against any felon shall, as soon as may be, after such sentence, deliver a certified copy thereof to the superintendent of the penitentiary at Richmond. As soon as practicable thereafter and not less than fifteen days before the time fixed, in the judgment of the court, for the execution of said sentence, the superintendent of the penitentiary shall cause to be conveyed to the said penitentiary such condemned felon in the manner now prescribed by law for the conveyance of felons sentenced to confinement in the penitentiary, and the superintendent, in his discretion, may appoint more than one guard to convey the condemned felon, and the expenses of such guard or guards shall be paid in the manner and under the requirements now prescribed by law for the conveyance of convicts to the penitentiary. The said superintendent, or the assistants appointed by him, shall, at the time named in said sentence, cause the said felon under sentence of death to be electrocuted until he is dead, unless a suspension of execution be ordered. At the execution there shall be present the superintendent, or an assistant, the surgeon of the penitentiary or his assistant, and a number of respectable citizens numbering not less than six nor more than twelve. The counsel for the convict and a minister of the Gospel may be present. (Code 1887, § 4063; 1908, p. 684; 1910, p. 571; 1936, p. 49.)

The amendment of 1936 inserted, in the first sentence of the section, the provision requiring copy of the sentence to be delivered to the superintendent. Prior to the amendment, the section caused the condemned felon to be conveyed "not more than thirty nor less than fifteen days before the time fixed."

Section 4063, Code 1887, is quoted in an article on the death penalty, as prohibiting such sentence from being executed in a public manner. Leading Article, 11 Va. Law. Reg. 638.

§ 4943. **Certificate of the execution of death sentence.**—The superintendent shall certify the fact of the execution of the condemned felon to the clerk of the court by which such sentence was pronounced, who shall file such certificate with the papers of the case and enter the same upon the records of the case. (Code 1887, § 4064; 1908, p. 684.)

§ 4943a. **New day for execution.**—Whenever, for an offense hereafter committed, the day fixed for the execution of a sentence of death shall have passed without the execution of such sentence and it shall have become necessary to fix a new date therefor, it shall be the duty of the court which pronounced such sentence, or the judge thereof in vacation, to fix another day for such execution. The person to be executed need not be present when such other day is fixed, but a copy of the order fixing the new date of execution shall be promptly furnished by the clerk of the court making the order to the officer in whose custody the person to be executed is, and said officer shall deliver a copy of said order to the person to be executed, and, if he is unable to read it, explain it to him, at least ten days before the date fixed for such execution, and make return thereof to the clerk of the court which issued same.

When the day fixed for the execution of a sentence of death has passed without the execution of such sentence by reason of a reprieve granted by the Governor, it shall not be necessary for the court to re-sentence the convict, but the sentence of death of the court shall be executed on the day to which the convict has been reprieved. (1922, p. 546; 1936, p. 547.)

The amendment of 1936 inserted in the first sentence the words "or the judge thereof in vacation." It also added the last paragraph of the section.

In recent years, especially since defendants in criminal cases have had appeals of right to the Supreme Court of Appeals, more than the usual number of cases have arisen in which prisoners sentenced to death have had to be brought back from the penitentiary to the courts which sentenced them, there to be re-sentenced after affirmance of their cases by the higher court. The presence of the prisoner at the time of re-sentencing, while necessary under the law now in force, serves no useful purpose, and the frequency of such cases caused the General Assembly in 1922 to enact this section. Address by C. H. Morrisett on "Legislation of 1922 of Special Interest," 8 Va. Law Reg., N. S., 81, 107.

§ 4944. **Reprieve, writ of error, or stay of execution of sentence; how notice served; subsequent process; how served; resentence; new trial.**—Should the condemned felon, while in the custody of the Superintendent of the Penitentiary, be granted a reprieve by the Governor, or obtain a writ of error from the Supreme Court of Appeals, or should the execution of the sentence be stayed by any competent judicial proceeding, notice of such reprieve or such writ of error or stay of execution shall be served upon the Superintendent of the Penitentiary, as well as upon the condemned felon, and the said superintendent shall yield obedience to the same. In any subsequent proceeding the mandate of the court having regard to the condemned felon, shall be served upon the Superintendent of the Penitentiary as well as the said felon. Should the said felon be resentenced by the court, then the proceedings shall be as hereinabove provided under the original sentence. Should a new trial be granted such condemned felon after he has been conveyed to the penitentiary, then he shall be conveyed back to the place of trial by such guard or guards as the superintendent may direct, their expenses to be paid as is now provided by law