CODE

OF

VIRGINIA

1950

4

Titles 16.1-21

Courts

to

Drainage

1960

Replacement

Volume

EXHIBIT 19

Case 3:19-cv-00697-REP Document 19-19 Filed 10/16/19 Page 2 of 4 PageID# 201

# CODE OF VIRGINIA

## 1950

With Provision for Subsequent Pocket Parts

---

## ANNOTATED

---

*Prepared under the Supervision of*

The Virginia Code Commission

BY

The Editorial Staff of the Publishers

*Under the Direction of*

W. O. Lewis, S. G. Alrich, W. M. Willson and Beirne Stedman

---

IN TEN VOLUMES

## VOLUME 4

1960 Replacement Volume




The Michie Company, Law Publishers
Charlottesville, Va.

commute capital punishment, he may issue his order to the superintendent of the penitentiary, requiring him to receive and confine (and the superintendent shall receive and confine) in the penitentiary, according to such order, the person whose punishment is commuted. To carry into effect any commutation of punishment, the Governor may issue his warrant directed to any proper officer; and the same shall be obeyed and executed. (Code 1950, § 19-271; 1960, c. 366.)

**Cross references.** — For constitutional provision, see Va. Const., § 73. As to affixing lesser seal of the Commonwealth to all letters of pardon and reprieve, see § 7-31. As to pardon not avoiding forfeiture of office by person sentenced for felony, see § 2-32.

**§ 19.1-298:** Reserved for future use.

**§ 19.1-299. Suspension of sentence in certain cases.**—Upon a conviction in a court of record of the charge of larceny, forgery or uttering or attempting to employ as true such forged writing, knowing it to be forged, the court may, in its discretion, suspend sentence during the good behavior of the person convicted, provided that he has not been previously convicted of a like offense or any felony. (Code 1950, § 19-273; 1960, c. 366.)

**Cross reference.**—As to suspension of sentence and placing on probation, see §§ 53-272 to 53-275.

**§ 19.1-300. Provision for release of prisoner from confinement on days he is regularly employed.**—Any court having jurisdiction for the trial of a person charged with a misdemeanor or charged with an offense under chapter 5 (§ 20-61 et seq.) of Title 20 of the Code of Virginia may, if defendant is convicted, and if it is made to appear to the court that in the event of his being sentenced to confinement in jail his dependents may become public charges, may provide in the sentence for the release of such person from confinement on the days he is regularly employed under the supervision of a probation officer or such other suitable person as the court may designate, and under such conditions as it may fix, and require such person to pay such portion of any money earned by him as the court may determine to the court to be used for the support and maintenance of dependents and payment of fines, if any. (Code 1950 (Suppl.), § 19-273.1; 1956, c. 688; 1960, c. 366.)

**§ 19.1-301. When death sentence executed.**—Sentence of death, except for insurrection or rebellion, shall not be executed sooner than thirty days after the sentence is pronounced. (Code 1950, § 19-274; 1960, c. 366.)

**§ 19.1-302. Death chamber; who to execute death sentence.**—The superintendent of the State penitentiary, at Richmond, is hereby authorized and directed to provide and maintain a permanent death chamber within the confines of the penitentiary. The death chamber shall have all the necessary appliances for the proper execution of felons by electrocution. In the death chamber shall be executed all felons upon whom the death penalty has been imposed. Each execution shall be conducted by the superintendent or some assistant or assistants designated by him. (Code 1950, § 19-275; 1960, c. 366.)

**Electrocution not cruel and unusual punishment.** — The punishment of death by electrocution cannot in itself be regarded as a cruel and unusual form of punishment. Hart v. Com., 131 Va. 726, 109 S. E. 582.

**§ 19.1-303. Transfer of convict to penitentiary; how death sentence executed; who to be present.**—The clerk of the court in which is pronounced the sentence of death against any felon shall, as soon as may be, after such sentence, deliver a certified copy thereof to the superintendent of the penitentiary at Richmond. As soon as practicable thereafter and not less than fifteen days before the time fixed, in the judgment of the court, for the execution





of the sentence,
veyed to the peni
by law for the co
and the superint
to convey the con
be paid in the m
the conveyance
assistants appoint
felon under senten
sion of execution
intendent, or an
a number of resp
twelve. The couns
(Code 1950, § 19

**§ 19.1-304.**
superintendent sh
the clerk of the
such certificate wi
of the case. (Code

**§ 19.1-305.**
execution of a se
such sentence and
the court which
shall fix another d
present when such
date of execution
the order to the o
officer shall deliver
is unable to read
for such execution
sued same.
When the day fi
out the execution
ernor, it shall not
sentence of death
has been reprieved
**The act of a trial c of execution is minis**

**§ 19.1-306. I served; resenten**
custody of the sup
Governor, or obtai
should the executio
ceeding, notice of s
be served upon the
demned felon, and t
sequent proceeding
shall be served upo
Should the felon be
inabove provided
such condemned fel
shall be conveyed
superintendent may
for the conveyance
c. 366.)

of the sentence, the superintendent of the penitentiary shall cause to be conveyed to the penitentiary such condemned felon in the manner now prescribed by law for the conveyance of felons sentenced to confinement in the penitentiary, and the superintendent, in his discretion, may appoint more than one guard to convey the condemned felon, and the expenses of such guard or guards shall be paid in the manner and under the requirements now prescribed by law for the conveyance of convicts to the penitentiary. The superintendent, or the assistants appointed by him, shall, at the time named in the sentence, cause the felon under sentence of death to be electrocuted until he is dead unless a suspension of execution be ordered. At the execution there shall be present the superintendent, or an assistant, the surgeon of the penitentiary or his assistant, and a number of respectable citizens numbering not less than six nor more than twelve. The counsel for the convict and a minister of the Gospel may be present. (Code 1950, § 19-276; 1960, c. 366.)

§ **19.1-304. Certificate of the execution of death sentence.** — The superintendent shall certify the fact of the execution of the condemned felon to the clerk of the court by which such sentence was pronounced, who shall file such certificate with the papers of the case and enter the same upon the records of the case. (Code 1950, § 19-277; 1960, c. 366.)

§ **19.1-305. New day for execution.**—Whenever the day fixed for the execution of a sentence of death shall have passed without the execution of such sentence and it shall have become necessary to fix a new date therefor, the court which pronounced such sentence, or the judge thereof in vacation, shall fix another day for such execution. The person to be executed need not be present when such other date is fixed, but a copy of the order fixing the new date of execution shall be promptly furnished by the clerk of the court making the order to the officer in whose custody the person to be executed is, and such officer shall deliver a copy of the order to the person to be executed and, if he is unable to read it, explain it to him, at least ten days before the date fixed for such execution, and make return thereof to the clerk of the court which issued same.

When the day fixed for the execution of a sentence of death has passed without the execution of such sentence by reason of a reprieve granted by the Governor, it shall not be necessary for the court to resentence the convict, but the sentence of death of the court shall be executed on the day to which the convict has been reprieved. (Code 1950, § 19-278; 1960, c. 366.)

**The act of a trial court in fixing the date of execution is ministerial** and not judicial. Rose v. Com., 189 Va. 771, 55 S. E. (2d) 33.

§ **19.1-306. Reprieve, writ of error, etc.; subsequent process; how served; resentence; new trial.**—Should the condemned felon, while in the custody of the superintendent of the penitentiary, be granted a reprieve by the Governor, or obtain a writ of error from the Supreme Court of Appeals, or should the execution of the sentence be stayed by any competent judicial proceeding, notice of such reprieve or such writ of error or stay of execution shall be served upon the superintendent of the penitentiary, as well as upon the condemned felon, and the superintendent shall yield obedience to the same. In any subsequent proceeding the mandate of the court having regard to the condemned felon shall be served upon the superintendent of the penitentiary as well as the felon. Should the felon be resentenced by the court then the proceedings shall be as hereinabove provided under the original sentence. Should a new trial be granted such condemned felon after he has been conveyed to the penitentiary, then he shall be conveyed back to the place of trial by such guard or guards as the superintendent may direct, their expenses to be paid as is now provided by law for the conveyance of convicts to the penitentiary. (Code 1950, § 19-279; 1960, c. 366.)