IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BH MEDIA GROUP, INC. d/b/a/
*RICHMOND TIMES-DISPATCH*;
GUARDIAN NEWS & MEDIA LLC;
THE ASSOCIATED PRESS; and
GANNETT, CO., INC.,

        Plaintiffs,

v.                                 CASE NO. 3:19-cv-692

HAROLD W. CLARKE, in his official
Capacity as Director of the Virginia Department
of Corrections,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Harold W. Clarke, by counsel, and answers the complaint as follows:

1. Defendant admits that Plaintiffs are news organizations. The remainder of this paragraph constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks sufficient information to admit or deny the subjective intent of the Plaintiffs and, therefore, those allegations are denied.

2. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

3. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

4.      Defendant admits that individual who are present during an execution view the pertinent proceedings from a witness room separated from the execution chamber by a window. Defendant admits that a front curtain covers that window while the condemned inmate is being escorted into the execution chamber, and that the curtain remains closed while the IV lines are being placed (for an execution by lethal injection) or while other activities are being conducted (for an execution by electrocution). Defendant admits that a separate, rear curtain shields the individual administering the lethal injection drugs during an execution by lethal injection. Any remaining allegations in this paragraph are denied.

5.      Defendant admits that, under VDOC's execution policy, the individuals who are present in the witness room do not observe the inmate entering the execution chamber, being secured to the gurney (for an execution by lethal injection) or the chair (for an execution by electrocution). Defendant admits that, under VDOC's execution policy, the individuals who are present in the witness room do not observe placement of the IV lines during an execution by lethal injection. The remaining allegations of this paragraph are denied.

## JURISDICTION AND VENUE

6.      This paragraph constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that this action has been filed under 42 U.S.C. § 1983, and that actions under 42 U.S.C. § 1983 arise under the federal Constitution and therefore present a federal question. Defendant lacks sufficient information to admit or deny the subjective intent of the Plaintiffs and, therefore, those allegations are denied. Because Defendant does not concede that the requirements of Article III justiciability are met under the circumstances of this case, Defendant denies that the Court possesses jurisdiction to adjudicate this dispute.

7. This paragraph constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that this Court, generally, has authority to grant declaratory and injunctive relief. However, because Defendant does not concede that the requirements of Article III justiciability are met under the circumstances of this case, Defendant denies that the Court possesses jurisdiction to enter such relief.

8. This paragraph constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that that venue is proper in this Court. The remaining allegations of this paragraph are denied.

## PARTIES

9. Defendant admits that BH Media Group publishes the *Richmond-Times Dispatch*, which is a daily newspaper for the City of Richmond, Virginia. Defendant admits that the *Richmond-Times Dispatch*, and/or its predecessor newspapers, have reported on executions in the Commonwealth of Virginia. Defendant admits Ricky Gray was executed in January 2017, and William Morva was executed in July 2017. Defendant admits that William Morva was executed pursuant to the procedures delineated in VDOC's current execution manual. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, and therefore, they are denied.

10. Defendant admits that The Associated Press (AP) is a nonprofit news cooperative incorporated and based in the State of New York. Defendant admits that the AP reports on executions and the death penalty. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and, therefore, they are denied.

11. Defendant admits that Guardian US is a news service that reports on executions and the death penalty. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and, therefore, they are denied.

12. Defendant admits that Gannett Co., Inc. owns Multimedia, Inc., the company that publishes *The News Leader*, a newspaper that circulates in the Augusta County region. Defendant admits that *The News Leader* reports on executions and the death penalty. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and, therefore, they are denied.

13. Defendant admits that he is the Director of the Virginia Department of Corrections (VDOC). Defendant admits that, pursuant to Code § 53.1-234, VDOC is authorized to develop the procedures for an execution by lethal injection. Defendant admits that VDOC has the authority to change VDOC's execution manual. Because Defendant is uncertain what is meant by allowing witnesses "to view the entirety of Virginia's executions," that allegation is denied. Any remaining allegations in this paragraph are denied.

## FACTUAL BACKGROUND

### A. Virginia Adopts Lethal Injection and Electrocution as Its Methods of Execution

14. Defendant admits that, prior to 1908, the primary method of execution in the Commonwealth of Virginia was death by hanging. The remaining allegations of this paragraph are denied.

15. Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, they are denied.

16. Defendant admits that, as of 1908, the method of execution in the Commonwealth of Virginia was death by electrocution. Defendant admits that the 1908 legislation allowed

4

"twelve respectable citizens" to be "present" during an execution. Any remaining allegations of this paragraph are denied.

17. Defendant lacks knowledge of the subjective state of mind of state legislators in 1908 and does not possess a copy of the referenced news article. Accordingly, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, they are denied.

18. Defendant admits that, by 1962, the Commonwealth of Virginia had voluntarily stopped executing individuals while the United States Supreme Court considered cases challenging the constitutionality of the death penalty. Defendant admits that, in 1975, the Virginia legislature amended the types of crimes for which capital punishment was available, and, in 1977, also made other amendments to its capital punishment statutes, to ensure that the Code of Virginia aligned with the rulings of the Supreme Court. Defendant admits that the first execution following these statutory amendments occurred in 1982. Any remaining allegations in this paragraph are denied.

19. Defendant denies the allegations of this paragraph and demands strict proof thereof.

20. Defendant admits that, in 1994, the Code of Virginia was amended to allow for execution by lethal injection, and also to allow condemned individuals to choose whether they wished to be executed by lethal injection or by electrocution.

21. Defendant admits that, since January 1, 1995, there have been 89 executions in the Commonwealth of Virginia, and that 7 of those involved execution by electrocution, and 82 involved execution by lethal injection.

### B. Virginia's Current Execution Protocol

22.     Defendant admits the allegations of this paragraph.

23.     The allegations of this paragraph are denied. By way of explanation, Defendant notes that the Execution Manual, VDOC Operating Procedure 460, was re-enacted on February 7, 2020. The substantive provisions of the policy, however, remain unaltered.

24.     Defendant admits that the current execution policy contemplates six citizen witnesses, up to four media representatives, and an unspecified number of victim witnesses, each of whom are permitted to be present during an execution. Any remaining allegations in this paragraph are denied.

25.     Defendant admits that, before the condemned inmate is brought into the execution chamber, the front curtain is closed. Any remaining allegations in this paragraph are denied.

26.     Defendant admits the allegations of this paragraph, but notes that the citations to the relevant portions of the policy are no longer numerically correct.

#### 1. Lethal Injection Executions

27.     Defendant admits that the front curtain in the execution chamber remains closed while intravenous lines are being placed, while the execution team checks any restraints to ensure that the IV lines are not impeded, and while the electrodes from the cardiac monitor are being placed and checked. Defendant also admits that a separate, rear curtain, behind which is the individual designated as the executioner, remains closed during the entire execution process. Any remaining allegations in this paragraph are denied.

28.     Defendant admits that the front curtain is not opened until intravenous lines have been placed, the execution team has checked any restraints to ensure that the IV lines are not

6

impeded, and the electrodes from the cardiac monitor have been placed and checked. Any remaining allegations in this paragraph are denied.

29. Defendant admits that, during an execution by lethal injection, the following steps are followed: (1) injection of one of three substances (midazolam, or pentobarbital, or sodium thiopental); (2) a saline flush; (3) a two-minute waiting period, during which a noxious stimuli test is preformed; (3) injection of rocuronium bromide or pancuronium bromide; (4) another saline flush; (4) injection of potassium chloride; and (5) a final saline flush. Defendant admits that, at any time, the Director or his designee may direct that the executioner administer an additional dose of the first lethal injection substance. Defendant admits that these injections occur from behind a closed curtain at the rear of the execution chamber. Any additional allegations in this paragraph are denied.

30. Defendant admits the allegations of this paragraph, but notes that the citations to the relevant portions of the policy are no longer numerically correct.

31. The allegations of this paragraph are admitted in part and denied in part. Defendant admits that the individuals allowed to be present during an execution see the condemned inmate after he has been strapped to the gurney and the IV lines have been placed, hear the condemned inmate's last words, and observe the flow of the lethal injection drugs. Defendant denies that these are the "only" items that may be observed during an execution and, therefore, the remaining allegations of this paragraph are denied.

32. Defendant denies the allegations of this paragraph and demands strict proof thereof.

33. Defendant denies the allegations of this paragraph and demands strict proof thereof.

7

### 2. Electrocution Executions

34. Defendant admits the allegations of this paragraph, but notes that the citations to the relevant portions of the policy are no longer numerically correct.

35. Defendant admits the allegations of this paragraph, but notes that the citations to the relevant portions of the policy are no longer numerically correct.

36. Defendant denies the allegations of this paragraph.

37. Defendant admits the allegations of this paragraph, but notes that the citations to the relevant portions of the policy are no longer numerically correct.

38. Defendant denies the allegations of this paragraph and demands strict proof thereof.

### C. Effect of Virginia's Curtain Provisions

39. Defendant admits that Ricky Gray was executed by lethal injection on January 18, 2017, and that the execution occurred prior to the revision of VDOC's execution policy. Defendant admits that, under the policy in effect at the time, the front curtain in the execution chamber was left open at the time the condemned inmate entered the execution chamber, and then closed during the placement on the IV lines. Defendant admits that, under the policy in effect at the time, the front curtain was then reopened, and the administration of the lethal substances began. Defendant admits that the placement of the IV lines during Ricky Gray's execution took approximately half an hour. The remaining allegations of this paragraph are denied.

40. Defendant admits that the execution of Ricky Gray was reported upon by various news outlets. Defendant does not possess copies of the cited news articles and, therefore, cannot

8

admit or deny whether they are accurately quoted. Any remaining allegations in this paragraph are also denied.

41. Defendant admits that the VDOC execution policy was revised following the execution of Ricky Gray. Defendant admits that, under the revised policy, individuals present during the execution no longer watch the inmate being escorted into the execution chamber. Defendant denies any remaining allegations in this paragraph.

42. Defendant admits that William Morva was executed on July 6, 2017, and that individuals present in the witness rooms did not watch him being escorted into the execution chamber, watch him being secured to the gurney, or watch the placement of the IV lines. Defendant denies any remaining allegations in this paragraph.

## COUNT I

### 42 U.S.C. § 1983 – Violation of the First and Fourteenth Amendments

43. The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that, under 42 U.S.C. § 1983, a person who deprives another citizen of their constitutional rights may be liable in equity to redress those rights, if the requirements for issuance of equitable relief are otherwise satisfied.

44. The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

45. The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

*The History of Access to the Entirety of Executions*

46. Defendant denies the allegations of this paragraph and demands strict proof thereof.

47. Defendant denies the allegations of this paragraph and demands strict proof thereof.

48. Defendant denies the allegations of this paragraph and demands strict proof thereof.

49. Defendant denies the allegations of this paragraph and demands strict proof thereof.

*The Logic of Access to the Entirety of Executions*

50. Defendant denies the allegations of this paragraph and demands strict proof thereof.

51. Defendant denies the allegations of this paragraph and demands strict proof thereof.

52. Defendant denies the allegations of this paragraph and demands strict proof thereof.

53. Defendant denies the allegations of this paragraph and demands strict proof thereof.

54. Defendant denies the allegations of this paragraph and demands strict proof thereof.

*The Right of Access to View the Entirety of Executions is Not Overcome*

55. The allegations of this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that there is a "First

Amendment right of access to the entirety of executions." Because there is no First Amendment right, Defendant denies the remaining allegations of this paragraph.

56. Defendant denies the allegations of this paragraph and demands strict proof thereof.

57. Defendant denies the allegations of this paragraph and demands strict proof thereof.

58. Defendant denies the allegations of this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

1. Defendant denies that the Plaintiff is entitled to the requested declaratory relief.

2. Defendant denies that the Plaintiff is entitled to the requested equitable relief.

3. Defendant denies that the Plaintiff is entitled to an award of costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses to the Complaint. Defendant will rely on any and all other properly available defenses to the Complaint which may arise from Plaintiff's prosecution of this action and reserves his right to amend these defenses if at any time he should be so advised.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that the claims in the Complaint are cognizable under the Fist Amendment, Fourteenth Amendment, or any section or clause of the United States Constitution or any other federal law or regulation.

### THIRD DEFENSE

Defendant denies that the Court possesses subject matter jurisdiction to resolve the pending matter. Defendant specifically denies that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

### FOURTH DEFENSE

Defendants denies that the claim(s) presented satisfy the justiciability requirements of Article III of the United States Constitution, because the Plaintiffs lack standing to bring suit, and/or the claim(s) presented are not ripe for adjudication, and/or the claim(s) present a nonjusticiable political question.

### FIFTH DEFENSE

Defendant denies that Plaintiffs have suffered any injury or damage as a result of action or omission upon the part of any of this Defendant.

### SIXTH DEFENSE

Defendant alleges and avers that, to the extent that the Plaintiffs have suffered any injuries or damages, such injuries or damages were caused by others not under the control of this Defendant, and for whose conduct he is in no way responsible.

### SEVENTH DEFENSE

Defendant denies that the Plaintiffs have suffered the injuries and damages alleged and call for strict proof thereof.

### EIGHTH DEFENSE

Defendant is immune from suit based upon the Eleventh Amendment.

### NINTH DEFENSE

To the extent that Plaintiffs have failed to allege any direct involvement on the part of any of the Defendant in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

## TENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendant, the claim is barred in this Court by the Eleventh Amendment.

## ELEVENTH DEFENSE

This matter is barred, in whole or in part, by the two-year personal injury statute of limitations borrowed from Virginia Code § 8.01-243(A), which applies to claims under 42 U.S.C. § 1983.

## TWELFTH DEFENSE

Defendant is immune, in his official capacity, from any request for retrospective injunctive or declaratory relief.

## THIRTEENTH DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of laches.

Respectfully submitted,

HAROLD W. CLARKE, Defendant.

By: _____/s/_____
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendant
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email:  moshea@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2020, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participant and all other counsel of record as set forth on the docket.

>David Brendan Lacy, Esquire
>Christian & Baron LLP
>909 E. Main Street, Suite 1200
>Richmond, VA 23219-3095
>Email: cmerritt@cblaw.com
>*(Counsel for Plaintiffs)*

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: N/A

By: /s/
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendant
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us